IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ATHAR A. ABBASI** | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civ. No.:   PJM 10-3551 |
| v. | * | |
| | * | |
| **RAFAT ABBASI, et al.** | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Athar A. Abbasi, *pro se*, has sued Rafat Abbasi (his sister), Montgomery County, Maryland, and C. Brian Carlin, Esq., purportedly on behalf of the Estates of Mehru and Ahson Abbasi (his parents), alleging misconduct related to the disposition of the Estates. Presently before the Court are Montgomery County's Motion to Dismiss the Complaint [Docket No. 12], Carlin's Motion to Dismiss the Complaint, or, in the alternative, for Summary Judgment [Docket No. 13], and Plaintiff's Motion for Default Judgment as to Rafat Abbasi [Docket No. 16].[1] For the reasons that follow, Defendants' Motions to Dismiss are **GRANTED**, Plaintiff's Motion for Default Judgment is **DENIED**, and the case is **DISMISSED WITH PREJUDICE**.

I.

The Complaint is a confusing amalgamation of vague factual allegations and bald legal conclusions. As best the Court can tell, the salient allegations are as follows. Ahson Abbasi died in 1994. On April 5, 1994, the Circuit Court for Montgomery County, Maryland, sitting as the Orphans' Court, granted Rafat Abbasi's Petition for Appointment of a Guardian for her mother, Mehru Abbasi (a Pakistani resident and citizen), allegedly without any medical

---

[1] Having considered Plaintiff's briefs, the Motion for Extension of Time to File a Response to Montgomery County's Motion to Dismiss [Docket No. 17] is **MOOT**.

evaluation or adjudication of Mehru Abbasi's capacity, and appointed Mehru's four children—Athar, Rafat, Iffat, and Azher Abbasi—as co-guardians. On August 31, 1995, Athar Abbasi was removed as a co-guardian after failing to file the required bond. On May 30, 1996, Mehru Abbasi died in Karachi, Pakistan, allegedly from neglect and malnourishment. On June 17, 1996, Rafat Abbasi filed a Petition for Probate of Mehru Abbasi's Estate, and on July 18, 1996, the state court appointed Carlin as Special Administrator of the Estates of Mehru and Ahson Abbasi, even though Mehru lived in Pakistan and had allegedly executed a will appointing Athar Abbasi as her personal representative. In 1997, the state court approved what the Complaint alleges was Carlin's fraudulent withdrawal of Estate funds and awarded him fees, even though he allegedly did no work.

Although the precise causes of action asserted in the present case are unclear, the Complaint appears to contend that the Circuit Court acted outside its jurisdiction in ordering the guardianship of and adjudicating the estate of a non-resident Pakistani citizen. Further, the Complaint suggests that three state court orders issued in 1994 improperly diverted and converted Estate assets from unencumbered properties.

The short of the matter is that this Court has no jurisdiction to entertain this suit, and, even if it did, it is clear the Complaint would not state cognizable claims.

## II.

Without subject-matter jurisdiction, a federal District Court lacks the "power to hear a case." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (*quoting United States v. Cotton*, 535 U.S. 625, 630 (2002)); *see also* Fed. R. Civ. P. 12(b)(1). It is well established that "a federal court has no jurisdiction to probate a will or administer an estate." *Markham v. Allen*, 326 U.S. 490, 494 (1946). This means that "federal courts have no jurisdiction over matters within the

exclusive jurisdiction of state probate courts." *Turja v. Turja*, 118 F.3d 1006, 1009 (4th Cir. 1997) (*quoting Foster v. Carlin*, 200 F.2d 943, 947 (4th Cir. 1952)).  Here, the Complaint challenges various actions taken in the course of the Maryland state courts' administration of the Abbasi Estates and posits no cause of action independent from the probate proceedings.  Thus, assuming that Athar Abbasi had standing to bring a suit on behalf of his parents' Estates—a proposition that is not at all clear—this Court lacks subject-matter jurisdiction to consider any such claims.

### III.

Even if this Court had subject-matter jurisdiction, the Complaint would fail for failure to state a claim.  Fed. R. Civ. P. 12(b)(6).  To satisfy the pleading requirements set forth in Rule 8(a), a plaintiff must set forth enough factual content to render his claim "plausible on its face," i.e., to enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  However, a plaintiff may not rely on naked assertions, speculation, or mere legal conclusions.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).

Viewing the factual allegations in the Complaint as true, as it must, *see Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009), the Court finds no plausible basis for potential liability as to any defendant.  First, although the Complaint repeatedly alleges actions taken by "Montgomery County," the supporting documentation makes clear that Plaintiff is objecting to orders of a Maryland court.  Thus, even if the Complaint properly alleged some cause of action—which it does not—no claim would lie against Montgomery County.[2]  Second,

---

[2] To the extent Plaintiff attempts to hold Montgomery County responsible for the actions of the judges who issued the challenged orders, this fails for several reasons, including that these judges are employees of the state of Maryland.  *See* MD. CODE ANN., State Gov't § 12-101.

any claim against Carlin is precluded by *res judicata*, which "bars the relitigation of a claim if there is a final judgment in a previous litigation where the parties, the subject matter and causes of action are identical or substantially identical as to issues actually litigated and as to those which could have or should have been raised in the previous litigation." *R & D 2001, LLC v. Rice*, 402 Md. 648, 663, 938 A.2d 839, 848 (2008) (*quoting Bd. of Educ. v. Norville*, 390 Md. 93, 106, 887 A.2d 1029, 1037 (2005)). The state probate court reached a final decision with respect to all of the allegations regarding Carlin's stewardship when it approved the Final Accounting and granted his Petition for Fees; Plaintiff cannot re-litigate those rulings in this Court. *See* Md. Estate Record No. 1996-1358, Estate of Mehru Abbasi, Docket Nos. 155, 403; *Banashak v. Wittstadt*, 167 Md. App. 627, 659, 893 A.2d 1236, 1254 (2006) (finding that awards made on the merits of fee petitions are final judgments).[3] No appeal from those decisions is pending. Third, the Complaint alleges no facts that implicate Rafat Abbasi in any cause of action.[4]

Finally, in addition to the deficiencies detailed above, the Complaint is barred by Maryland's 3-year general statute of limitations. MD. CODE ANN., Cts. & Jud. Proc. § 5-101 ("A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced."). All the facts alleged in the Complaint occurred between 1994 and 1997. Since

---

[3] Plaintiff has apparently made three prior attempts to re-litigate the very matters complained of in this suit, each of which has been finally resolved. *See Abbasi v. Carlin, et al.*, No. 1:97-cv-1070 (JR) (D.D.C. closed June 9, 1997); *Abbasi v. Abbasi, et al.*, No. 8:98-cv-03097 (AW) (D. Md. closed Sept. 15, 1998); *Abbasi v. Carlin et al.*, Case No. 192692V (Cir. Ct. Montgomery Cnty. closed Dec. 31, 1998).

[4] It is of no consequence that Rafat Abbasi has not responded to the Complaint. Because the Complaint fails to state a claim against her, Plaintiff's Motion for Default Judgment must be **DENIED**. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (finding that in deciding a motion for default judgment, "[t]he court must . . . determine whether the well-pleaded allegations in the complaint support the relief sought").

the Complaint contains no actionable allegation that falls within the 3-year period preceding its filing, it is untimely.

## IV.

For the foregoing reasons, Montgomery County's Motion to Dismiss [Docket No. 12] is **GRANTED**, Carlin's Motion to Dismiss [Docket No. 13] is **GRANTED**, Plaintiff's Motion for Default Judgment [Docket No. 16] is **DENIED**, Plaintiff's Motion for an Extension of Time [Docket No. 17] is **MOOT**, and the case is **DISMISSED WITH PREJUDICE**.

A separate Order will **ISSUE**.

                                                   /s/
                           **PETER J. MESSITTE**
                    **UNITED STATES DISTRICT JUDGE**

**December 28, 2011**